ETHER SHEPLEY & others in Equity *vs.* ATLANTIC & ST. LAWRENCE RAILROAD COMPANY & others.

A complainant in equity cannot compel a hearing, unless his case has been "marked at the law term 'law' on the docket of the county where pending," as provided in R. S. of 1857, c. 77, § 17; or unless he has given the notice provided in Rule IX.*

BILL IN EQUITY.

APPLETON, C. J.    The answers of the defendants were filed on January 6th, and the replication thereto on Jan. 24, 1869. The filing of the general replication raised an issue between the parties litigant.

* See opinion.

By rule 13th, "ninety days after filing the general replication will be allowed for taking testimony. And it must be filed within ten days after that time has elapsed," &c. 37 Maine, 585. Either party has a right to this time, for the purpose of taking testimony.

By rule 23d, "notices required by these rules will be in writing and signed by counsel, and delivered to the opposing counsel, or left at his office, when he has one in the same city or village; and in other cases are to be properly directed to him, and placed in the post-office, and postage paid."

By rule 9th, "within thirty days after the answer is filed, unless exceptions are taken, or within fifteen days after it is perfected, the plaintiffs' counsel shall file the general replication, and give notice thereof; or give notice of a hearing at the next term on bill and answer."

By R. S. c. 77, § 17, cases in equity presented on demurrer to the bill, or when prepared for a final hearing "are to be marked 'law' on the docket of the county where pending, and then continued until their determination is certified by the clerk of the district to the clerk of the county." This case is not marked "law" on the county docket.

It is objected that the cause was never set down for hearing as required by the rules of practice established by this court.

If the case had been marked "law," it might perhaps have been presumed that the required notices had then been given or waived; but it was not so marked.

If the plaintiffs were desirous that the cause should have been heard on bill and answer, it was their duty, by the express terms of the rule, to give notice. This was not done, and we do not perceive why the defendants' counsel, in the absence of the required entry on the docket, or of any "notice of a hearing at the next term on bill and answer" could reasonably presume that a hearing would be expected.

In the English practice notice is to be given of the filing of the replication "to the solicitors of all the defendants to whose answer the replication applies." 2 Dan. Ch. Pr. 969. To the same effect

as our own rule was that of Massachusetts. Met. Dig. 90 Chancery. Rule 7. *Bill dismissed from the law docket.*

CUTTING, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.

*J. & E. M. Rand*, for the complainants.

*P. Barnes* and *Howard & Cleaves*, for the respondents.